UNITED STATES of America, Plaintiff-Appellee,

v.

Ira Eugene WILLIAMS, John Thomas Taylor, Jr., Defendants-Appellants.

No. 82–5971

Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Oct. 7, 1983.

Rehearing and Rehearing En Banc Denied Dec. 7, 1983.

Neil H. Jaffee, Fort Lauderdale, Fla., for Ira Williams.

Michael G. Smith, Fort Lauderdale, Fla., for John Taylor.

Stanley Marcus, U.S. Atty., Jon May, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Convicted of bank robbery, Williams and Taylor raise two issues on their appeals, neither of which requires reversal.

■ First, as to the district court's sealing of the affidavits in support of a search warrant, the judge made a specific determination that the disclosure of any portion of the affidavit would reveal the identity of the confidential informants whose lives would then be in jeopardy. Giving full regard to: the fact that this issue involves a motion to suppress where the interests are of a lesser magnitude than those in the criminal trial itself, *United States v. Raddatz*, 447 U.S. 667, 679, 100 S.Ct. 2406, 2414, 65 L.Ed.2d 424 (1980); the *in camera* procedures followed by the district court which protected the interests here involved, *Suarez v. United States*, 582 F.2d 1007, 1011–12 (5th Cir.1978); and the recent Supreme Court case which indicates a lessened chance of attacking a search warrant based on affidavits, *Illinois v. Gates*, —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), we hold that the district court did not abuse its discretion in applying the *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), balance to the issues here involved.

■ Second, we have repeatedly held that the district court has broad discretion in deciding whether to interrogate jurors regarding alleged misconduct. *United States v. Edwards*, 696 F.2d 1277, 1282 (11th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 1884, 76 L.Ed.2d 813 (1983); *Grooms v. Wainwright*, 610 F.2d 344, 347–48 (5th Cir.), *cert. denied*, 455 U.S. 953, 100 S.Ct. 1605, 63 L.Ed.2d 789 (1980); *United States v. Chiantese*, 582 F.2d 974, 978–80 (5th Cir.1978), *cert. denied*, 441 U.S. 922, 99 S.Ct. 2030, 60 L.Ed.2d 395 (1979); *United States v. Robbins*, 500 F.2d 650, 653 (5th Cir.1974). The district court was in the best position to determine whether the facts reflected by counsel's statement as to the jury's discussion of the case prior to submission could be cured from error by instructions as given. The district court did not abuse its discretion.

AFFIRMED.